CV 14

2635

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SLAVA VIKTORENKOV

Plaintiff,

- against -

THE NATIONAL FLOOD INSURANCE PROGRAM,
W. CRAIG FUGATE in His Official Capacity as
Administrator of the Federal Emergency Management
Agency, JANET NAPOLITANO in Her Official
Capacity as Secretary of the United States Department of
Homeland Security,

Defendants.

AMON, CH.J.

REYES, M.J

Docket #

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff, Slava Viktorenkov, by his attorneys, the Law Office of Craig A. Blumberg,

for his Complaint against the Defendants, the National Flood Insurance Program, W. Craig Fugate,

in his official capacity as Administrator of the Federal Emergency Management Agency, and Janet

Napolitano, in her official capacity as Secretary of the United States Department of Homeland

Security (collectively referred to as "FEMA"), alleges the following upon information and belief:

**THE PARTIES**

1.       At all times herein mentioned, the plaintiff, SLAVA VIKTORENKOV was

and is a natural person, over the age of eighteen years, residing at 23 Crest Water Court, Staten

Island, New York.

2.       At all times herein mentioned, FEMA is a federal agency under the United

States Department of Homeland Security that administers and issues flood insurance policies

pursuant to the National Flood Insurance Program and the National Flood Insurance Act of 1968,

as amended, 42 U.S.C. §4001, et seq. Defendant W. Craig Fugate is a proper party to this action

F:\WPFILES\2551\Complaint.wpd

pursuant to 42 U.S.C. §4072, which authorizes suit against the Administrator of FEMA in his official

capacity to assert claims related to the disallowance or partial disallowance of a flood insurance

claim. See also 44 C.F.R. §§ 61, App. A(1), Section VII® and 62.22. Defendant Janet Napolitano

is also a property party pursuant to section 503 of the Homeland Security Act of 2002, Pub. Law 107

296, 5 U.S.C. §§ 301 et seq., which transferred all functions, personnel, and liabilities of FEMA to

the Secretary of the Department of Homeland Security.

## JURISDICTION

3.      This action arises under the National Flood Insurance Act, federal regulations

and common law, and the Standard Flood Insurance Policy that FEMA sold and issued to Plaintiff

pursuant to the National Flood Insurance Program. The Policy covered losses to Plaintiff's property

located in this judicial district.

4.      Jurisdiction is had herein by the District Court of the United States pursuant

to provisions of 42 U.S.C. §4072, 28 U.S.C. §1331, 44 C.F.R. Pt. 61, App. A(1), Article IX and 28

U.S.C. §1367.

## VENUE

5.      Venue is properly laid in the Eastern District of New York pursuant to 28

U.S.C. § 1391 as the Judicial District in which a substantial part of the events or omissions giving

rise to the claim occurred and/or a substantial part of the property that is the subject of this action

is situated.

## OPERATIVE FACTS

6.      Plaintiff purchased a Standard Flood Insurance Policy (the "Policy") from

FEMA to insure his property and contents located at the address shown above against physical

damage by or from flood. The Policy was not a "Write-Your-Own" policy administered by a nongovernment insurer; the Policy in this case was issued and administered directly by FEMA to Plaintiff under 42 U.S.C. § 4071.

7.    Heretofore, and on or before August 30, 2012, defendant, for good and valuable consideration, issued a certain flood policy of insurance bearing policy #4000029433(the "Policy") insuring plaintiff as named insured against loss to the premises at 23 Crest Water Court, Staten Island, New York (the "Premises") in the amount of $250,000 for building coverage and $100,000 for contents coverage. **(Exhibit A).**

8.    On or about October 29, 2012, a devastating storm (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiff's insured property.

9.    On or about October 29, 2012, the building and contents at the premises were damaged and destroyed by flood.

10.    Plaintiff suffered a loss to the buildings at the premises in the amount of $145,748.83 and contents in the amount of $57,402.00 for a total loss of $203,150.83.

11.    A claim for said loss on or about October 29, 2012 was duly submitted to defendant.

12.    Plaintiff reported the damage and properly submitted his claims to defendant. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

13.    Plaintiff retained independent experts to evaluate the damages to his insured property caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiff's covered property. These damages were thoroughly

documented and reports were submitted to FEMA for review. FEMA has unfairly and improperly denied the claims.

14.     Defendant agreed to pay plaintiff $15,375.98 for the building loss and $775.05 for his contents loss, but denied the remainder of plaintiff's claim and damages as submitted for reasons set forth in defendant's letter of August 22, 2013. **(Exhibit B).**

15.     Defendant thereby breached its contract of insurance.

16.     By reason thereof, plaintiff has been damaged in the amount of $145,748.83 and contents in the amount of $57,402.00 for a total loss of $203,150.83.

**WHEREFORE,** plaintiff demands judgment against defendant in the amount of $145,748.83 and contents in the amount of $57,402.00 for a total loss of $203,150.83.

Dated: New York, New York
April 25, 2014

Yours etc.,

CRAIG A. BLUMBERG (CB 7166)
LAW OFFICE OF CRAIG A. BLUMBERG
Attorneys for Plaintiff
Fifteen Maiden Lane, 20th Floor
New York, New York 10038
(212) 346-0808
craig@lawofficecab.com

4



**FEMA**

*National Flood Insurance Program*
U.S. Department of Homeland Security
P.O. Box 2965
Shawnee Mission, KS 66201-1365
(800) 638-6620

| Policy Number |
|---|
| 4000029433 |



## FLOOD GENERAL POLICY ENDORSEMENT DECLARATION

| Named Insured and Mailing Address: | Policy Period: 08/30/2012 to 08/30/2013 |
|---|---|
| Slavon Viktorenkov | Policy Term: One year |
| 23 Crest Water Ct | EFFECTIVE DATE OF CHANGE: 08/30/2012 |
| Staten Island, NY 10305 | Lawrence Bell |
| | 2 Glen Way |
| | Cold Spring, NY 11724 |
| Payor: Insured | Agent Phone: 631-673-0979 |

The building covered by this policy is located at the above mailing address unless otherwise stated below.

### RATING DESCRIPTION

| Property/Building | Contents Location |
|---|---|
| Other residential | Lowest floor only above ground level |
| Split level | Subject to, III. Property Covered, |
| Non-elevated without basement | Paragraph B. |
| Date of construction or substantial improvement was on 01/01/2002 | |

### LOCATION INFORMATION

Community Name: NEW YORK, CITY OF  No: 3604970139E
Status: Regular  CRS Class:  Flood Risk/Rated Zone: AE  Current Flood Zone: AE  Elevation Difference: 1  Grandfathered:

### COVERAGE AND RATING INFORMATION

| Coverage Type | Coverage Limit | Deductible | Rate | Deductible Adjustment | Premium |
|---|---|---|---|---|---|
| Building | $ 250,000 | $ 1,000 | 00.36/00.09 | $ 0.00 | $ 698.00 |
| Contents | $ 100,000 | $ 1,000 | 00.53/00.12 | $ 0.00 | $ 223.00 |
| | | | | ICC PREMIUM | $ 4.00 |
| | | | | ANNUAL SUBTOTAL | $ 925.00 |
| | | | | FEDERAL POLICY FEE | $ 40.00 |
| | | | | TOTAL PREMIUM | $ 965.00 |

THIS IS NOT A BILL

Policy Changes:

First Mortgagee Changed

| FIRST MORTGAGEE | SECOND MORTGAGEE |
|---|---|
| Bank of American NA ISAOA | JPMorgan Chase NA ISAOA |
| PO Box 961291 | PO Box 47020 |
| Fort Worth, TX 76161-1296 | Atlanta, GA 30362 |
| LOAN NUMBER: 68271042540599 | LOAN NUMBER: 1137189317 |

Issue Date: 09/04/2012

Agent Copy



 National Flood Insurance Program
U.S. Department of Homeland Security
P.O. Box 2965
Shawnee Mission, KS 66201-1365

August 22, 2013

Slavon Viktorenkov
23 Crest Water Ct
Staten Island, NY 10305

Re:    Policy Number:        4000029433
       Date of Loss:         October 29, 2012

Dear Slavon Viktorenkov:

We have received and reviewed your Final Report. We understand that your insured building is a Post-FIRM elevated building that is located in a Special Flood Hazard Area, and that flood damage occurred in the area below the lowest elevated floor of the building. There are restrictions and limitations to coverage in an area that is below the lowest elevated floor of a Post-FIRM elevated building located in a SFHA. Please refer to the policy language in Section II – DEFINITIONS:

"14. Elevated Building. A building that has no basement and that has its lowest elevated floor raised above ground level by foundation walls, shear walls, posts, piers, pilings, or columns.

23. Post-FIRM Building. A building for which construction or substantial improvement occurred after December 31, 1974, or on or after the effective date of an initial Flood Insurance Rate Map (FIRM), whichever is later."

Section III, PROPERTY COVERED, paragraph A, COVERAGE A – BUILDING PROPERTY, states that ONLY the following items are allowed coverage in this area:

"8. Items of property in a building enclosure below the lowest elevated floor of an elevated post-FIRM building located in Zones A1-A30, AE, AH, AR, AR/A, AR/AE, AR/AH, AR/A1-A30, V1-V30, or VE . . . Coverage is limited to the following:

a. Any of the following items, if installed in their functioning locations and, if necessary for operation, connected to a power source:

(1) Central air conditioners;
(2) Cisterns and the water in them; . . .
(4) Electrical junction and circuit breaker boxes;
(5) Electrical outlets and switches;
(6) Elevators, dumbwaiters, and related equipment, except for related equipment installed below the base flood elevation after September 30, 1987;
(7) Fuel tanks and the fuel in them;
(8) Furnaces and hot water heaters;
(9) Heat pumps; . . .
(11) Pumps and tanks used in solar energy systems;
(12) Stairways and staircases attached to the building, not separated from it by elevated walkways;
(13) Sump pumps;
(14) Water softeners and the chemicals in them, water filters, and faucets installed as an integral part of the plumbing system;
(15) Well water tanks and pumps;
(16) Required utility connections for any item in this list; and

(17) Footings, foundations, posts, pilings, piers, or other foundation walls and anchorage systems required to support a **building.**

b. Clean-up."

Section III, paragraph B, COVERAGE B – PERSONAL PROPERTY states that ONLY the following items are allowed coverage in this area:

"Coverage for items of property in a **building** enclosure below the lowest elevated floor of an elevated post-FIRM **building** located in Zones A1- A30, AE, AH, AR, AR/A, AR/AE, AR/AH, AR/A1-A30, V1-V30, or VE . . . is limited to the following items, if installed in their functioning locations and, if necessary for operation, connected to a power source:

a. Air conditioning units, portable or window type;
b. Clothes washers and dryers; and
c. Food freezers, other than walk-in, and food in any freezer."

We understand that you are requesting coverage for wall trim, base mouldings, doors, tile flooring, and personal property that was damaged in this restricted area. We are unable to pay for any items that are not listed in the "Property Covered" section, as they are not covered under your policy and your claim for these items has been denied.

If you have questions, please call me at 800-767-4341. If you have any information that would help us review our decision, please send that to us. If you do not agree with our decision to deny your claim, in whole or in part, Federal law allows you to appeal that decision within 60 days of the date of this denial letter. Your appeal must be in writing and include: a copy of this letter, a copy of the completed Proof of Loss form you submitted to the insurer, your written statement of the basis for the appeal and all the documentation which supports your written statement. The appeal must be sent to:

Federal Emergency Management Agency
Mitigation Directorate, Federal Insurance Administrator
1800 South Bell Street,
Arlington, VA 20598-3010.

You should not appeal your claim or any part of it, unless it has been denied by this letter. If you do and your claim has not been denied, in whole or in part, FEMA will return your appeal to you for not complying with their regulation. If you disagree with your insurance settlement and the item of your disagreement is not denied by this letter, you should submit a detailed request with the documentation which fully supports your position directly to us for consideration as a supplemental claim. The FEMA appeals process cannot overturn a denial when coverage is not afforded by the Standard Flood Insurance Policy. Federal assistance may be available to you if your flood loss is within a city or county included in a disaster declaration by the President of the United States. In such cases you may contact FEMA at (800)-621 -3362 or register online at http://www.fema.gov.

Sincerely,

Erin Scott       x 3126
Claims Examiner

MATARAZZO BLUMBERG & ASSOCIATES, P. C.